

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 19, 1948

Hon. Jean Day
County Attorney
Henderson County
Athens, Texas

Opinion No. V-701

Re: Legality of paying for
the construction of
sidewalks, driveways,
and landscaping for a
County Hospital out of
the Permanent Improve-
ment Fund.

Dear Sir:

You have requested this office to determine
whether the Commissioners' Court of Henderson County has
the authority to expend a portion of the Permanent Im-
provement Fund for the construction of sidewalks, neces-
sary entrances and exits, driveways, and landscaping on
the grounds of a county hospital. We assume that this
construction referred to in your request constitutes no
part of the original construction of the hospital for
which a bond issue was voted.

Article VIII, Section 9 of our State Constitu-
tion authorizes a tax to be levied by the county for the
erection of public buildings, streets, sewers, water
works and other permanent improvements. It is well set-
tled in this State that taxes levied for any specific
purpose or class of purposes designated in Article VIII,
Section 9, must be applied thereunto in good faith, and
in no event expended for some other purpose. Carroll v.
Williams, 202 S.W. 504. Your question, therefore, is
whether sidewalks, driveways and landscaping of a coun-
ty hospital constitute "other permanent improvements"
within the meaning of Article VIII, Section 9 of our
State Constitution.

It is held in Attorney General's Opinion No.
V-518 that where the establishment of a county hospital
was from current funds, the cost of the purchase would
come from the Permanent Improvement Fund and the costs
of the operation and maintenance from the General Fund.

In Attorney General's Opinion No. V-567, it

was held:

"Applying the principles announced in
this case to the situation about which you
inquire, tax money raised for hospital main-
tenance purposes comes from the general fund
levy, whereas tax money for the establishment
and construction of a county hospital comes
from the permanent improvement levy. There-
fore the Commissioners' Court is without auth-
ority to appropriate hospital maintenance
funds for hospital construction purposes, for
such appropriation would constitute an unlaw-
ful transfer and diversion of constitutional
funds."

It was held in the case of Holman v. Broadway
Improvement Co. (Com. App.) 300 S.W. 15, that the con-
struction of a sea wall constitutes a permanent improve-
ment. Likewise the painting of a building and erection
of partitions in some of the rooms have been held to be
a permanent improvement. See Words and Phrases, Vol. 32,
page 114.

In Attorney General's Opinion No. V-282, this
office had a similar question under consideration. It
was held in this opinion that the construction of park-
ing areas on the court house yard could be paid for out
of the Permanent Improvement Fund of the county if the
parking areas did not constitute a part of the street
but actually comprise a part of the court house yard. We
are herewith enclosing Opinion No. V-282.

In view of the foregoing, it is our opinion
that the construction of sidewalks, necessary entrances
and exits, driveways, and landscaping of a county hospi-
tal, being permanent improvements, may be paid for out
of the Permanent Improvement Fund of the county.

## SUMMARY

The construction of sidewalks, necessary
entrances and exits, driveways and landscap-
ing of a county hospital may be paid for out

of the Permanent Improvement Fund of the county.  Art. VIII, Section 9, Texas Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL